IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERRY KAY WOLF, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0643 |
| | § | |
| TEXAS A&M UNIVERSITY | § | |
| SYSTEM, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 15] filed by Defendant Texas A&M University System ("TAMUS"), to which Plaintiff Cherry Kay Wolf filed a Response [Doc. # 19], and Defendant filed a Reply [Doc. # 20]. Having reviewed the record and applied relevant legal authorities, the Court **grants** the Motion as to the race/national origin discrimination, age discrimination, and retaliation claims, and **denies** the motion as to the statute of limitations and gender discrimination issues.

**I.   BACKGROUND**

Plaintiff, a Native American female, worked in TAMUS's General Counsel's Office for approximately nine years, dealing primarily with employment-related

litigation. For most of her career at TAMUS, Plaintiff held the position of Associate General Counsel. Beginning in July 2006, Cullen Godfrey was General Counsel for TAMUS and Jay Kimbrough was the Deputy General Counsel.

Godfrey and Kimbrough decided to reorganize the General Counsel's Office by eliminating several positions, including "Associate General Counsel." On June 7, 2007, Godfrey, on Kimbrough's recommendation, terminated Plaintiff's employment with TAMUS. The reason given for her termination was that "her attitude and demeanor" caused her supervisors to lose the ability to rely on her legal advice.

Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that her discharge was the result of discrimination on the basis of her race (Native American), her gender (female), and her age (47). The EEOC advised Plaintiff by letter dated June 9, 2008, that it had made a preliminary decision to dismiss her charge, but provided Plaintiff the opportunity to present additional information and evidence by June 27, 2008. *See* June 9, 2008 Letter, Exh. B9 to Motion. On October 22, 2008, after Plaintiff failed to provide any additional information, the EEOC issued its "Dismissal and Notice of Rights," generally referred to as the "Right to Sue Letter." It is disputed when Plaintiff received the EEOC's letter.

Plaintiff filed this lawsuit on March 3, 2009. After a full opportunity to complete discovery, Defendant filed its Motion for Summary Judgment. The briefing has ended and the Motion is ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not

met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III.  ANALYSIS

### A.  Statute of Limitations Defense

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1).  The ninety day requirement is strictly construed.  *See Taylor*, 296 F.3d at 379 (citation omitted).  "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."  *Id.* (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Banks v. Rockwell Intern. N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988)).  The presumption, however, "may be rebutted by an affidavit stating personal knowledge of the receipt date."  *Cargo v. Kansas City Southern*, 2009 WL 799695, *2 (W.D. La. Mar. 24, 2009) (internal quotations omitted) (citing *Lozano*, 258 F.3d at 1165; *Witt Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998)).

In this case, the uncontroverted evidence shows that the EEOC's Right to Sue Letter was mailed on October 22, 2008.  The letter was addressed to Plaintiff's correct address in College Station, Texas.  A copy of the Right to Sue Letter was mailed that same date to TAMUS at its College Station address.  TAMUS received the letter on

October 27, 2008, five days after it was mailed. Plaintiff states in her affidavit, however, that she did not receive the Right to Sue Letter until either December 8 or 9, 2008, well over a month after it was mailed. *See* Plaintiff's Affidavit, Exh. A to Response, ¶ 16. This sworn testimony raises a fact dispute regarding when Plaintiff received the Right to Sue Letter and, therefore, whether the 90-day statute of limitations bars her Title VII claims in this case – issues that must be decided by the trier of fact. Defendant's Motion based on the statute of limitations defense is **denied**.

### B. Age Discrimination Claim

Defendant seeks summary judgment on Plaintiff's age discrimination claim as barred by the Eleventh Amendment to the United States Constitution, citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). Plaintiff does not dispute that the age discrimination is barred and, based on the Supreme Court's decision in *Kimel*, Defendant is entitled to summary judgment on this claim.

### C. Race/National Origin Discrimination Claim

The ultimate determination in any intentional discrimination case is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable fact finder could infer discrimination. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). Consequently, an essential element of a claim that an employer intentionally discriminated against an employee on the basis of race or national origin

is that the employer knew the employee's race or national origin. *See, e.g., Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 82 (2d Cir. 2005); *Sarullo v. United States Postal Srvc.,* 352 F.3d 789, 799 (3d Cir. 2003); *Robinson v. Adams,* 847 F.2d 1315, 1316 (9th Cir. 1987); *Pollard v. Quest Diagnostics*, 610 F. Supp. 2d 1, 21 (D.D.C. 2009).

In this case, Plaintiff has presented no evidence that either decision-maker knew she was of Native American heritage. In her deposition, Plaintiff testified that she had "no idea" whether Kimbrough or Godfrey knew that she was Native American. *See* Plaintiff's Deposition, Exh. A to Motion, p. 57. Defendant, on the other hand, has presented uncontroverted evidence that neither Kimbrough nor Godfrey knew that Plaintiff was Native American. *See* Godfrey Declaration, Exh. C to Motion, p. 2; Kimbrough Declaration, Exh. D to Motion, p. 2.

Because Plaintiff has failed to present evidence that either decision-maker knew she was Native America, Defendant is entitled to summary judgment on Plaintiff's race/national origin discrimination claim.

### D.     **Gender Discrimination Claim**

Plaintiff alleges that the decision to terminate her employment with TAMUS was based on unlawful gender discrimination.[1] To establish a *prima facie* case of

---

[1] In her Response, Plaintiff argues for the first time that the "Reorganization" of the General Counsel's Office at TAMUS had a discriminatory effect on female (continued...)

gender discrimination, Plaintiff must present evidence that: (1) she is a member of a protected class, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) others outside the protected class were treated more favorably. *See Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. Oct. 26, 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In this case, Defendant concedes that Plaintiff can establish the first three elements. Plaintiff has presented evidence that Eddie Gose, the other Associate General Counsel and a male, was treated more favorably in that his employment with TAMUS was not terminated. This is sufficient to raise a genuine issue of material fact in support of the fourth element of the *prima facie* case.

TAMUS has satisfied its burden to articulate a legitimate, nondiscriminatory reason for its decision. TAMUS asserts that it terminated Plaintiff's employment because her attitude and demeanor caused Kimbrough to lose confidence in her ability to provide sound, appropriate legal advice. Consequently, Plaintiff bears the ultimate

---

[1] (...continued)
employees. *See* Response, pp. 13-14. Plaintiff may not pursue a disparate impact claim because it has not been exhausted. *See Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (holding that charge of disparate treatment discrimination does not exhaust disparate impact claim). Additionally, Plaintiff may not pursue a disparate impact claim because it has not been alleged in any prior pleading and may not be asserted for the first time in response to a Motion for Summary Judgment. *See Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).

burden of proving that TAMUS's proffered reason is not true but instead is a pretext for its true discriminatory purpose. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Plaintiff has presented evidence that raises a fact dispute on the pretext issue.

Plaintiff has presented evidence that the alleged "attitude and demeanor" problems were never mentioned in any performance evaluations. Indeed, Plaintiff's evidence shows that her performance was consistently evaluated as either "Exceeds Expectations" or "Superior." Additionally, Plaintiff has presented evidence that there have never been females at TAMUS in a position higher than Associate General Counsel and that, after Plaintiff's discharge, there were no females in a position higher than Assistant General Counsel. This evidence satisfies Plaintiff's burden of presenting evidence that raises a genuine issue of material fact on the pretext issue and, as a result, Defendant's Motion is denied as to the gender discrimination claim.

### E.  Retaliation Claim

Plaintiff's employment with TAMUS was terminated in June 2007, and she filed an EEOC charge in February 2008. In December 2008, Plaintiff applied for the position of General Counsel with TAMUS. Plaintiff alleges in her First Amended

Complaint that she was not hired for the General Counsel position in retaliation for having filed an EEOC charge. *See* First Amended Complaint [Doc. # 7], ¶ 5.1.9.[2]

"To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citing *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)). Defendant does not argue for purposes of its Motion that Plaintiff cannot establish a *prima facie* case. Instead, Defendant satisfies its burden "to articulate a legitimate . . . non-retaliatory reason for its employment action." *Aryain*, 534 F.3d at 484. Specifically, Defendant asserts that Plaintiff was not the best qualified applicant for the General Counsel position.

---

[2] Plaintiff argues in her Response that she engaged in protected activity when she suggested that terminating any employee with a criminal background could have an unlawful disparate impact and that she was terminated in retaliation for that protected activity. *See* Response, pp. 16-17. There are no factual allegations in the EEOC charge, in the Original Complaint, in the First Amended Complaint, or in Plaintiff's affidavit attached to her Response that support this argument. Additionally, to the extent Plaintiff now attempts to assert a retaliation claim based on conduct prior to her filing the EEOC charge, the claim is unexhausted. "A plaintiff must exhaust his administrative remedies prior to filing a retaliation claim, unless the 'retaliation claim . . . arise[s] after the filing of the EEOC charge.'" *Williams v. AT&T Inc.*, 356 F. App'x 761, 766 (5th Cir. Dec. 18, 2009) (quoting *Gupta v. East Tex. State. Univ.,* 654 F.2d 411, 414 (5th Cir. 1981)).

Defendant has articulated its non-retaliatory reason for not selecting Plaintiff. As a result, Plaintiff must prove that the articulated reason is a pretext for the actual retaliatory reason. *Id.* In order to meet that burden, Plaintiff must show that she was "clearly better qualified" than the individual selected for the General Counsel position. *See Warren v. City of Tupelo*, 332 F. App'x 176, 181 (5th Cir. June 3, 2009) (citing *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 357 (5th Cir. 2001)). The Plaintiff must present evidence that the disparities between her qualifications and those of the selected individual are "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id.* The Court should not "substitute its judgment for that of an employer in evaluating what types of experience are most valuable for an employee in the new position in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic so as to suggest a cover-up." *EEOC v. Louisiana Office of Cmty. Serv.*, 47 F.3d 1438, 1445-1446 (5th Cir. 1995).

TAMUS selected Andrew Strong for the General Counsel position. Strong has a law degree, has worked in the private sector, managed a law firm with multiple offices in various states, has extensive experience with legislative and regulatory advocacy, has several years of experience managing up to twenty-five people, and is

licensed to practice law in both Texas and Louisiana. Plaintiff has neither asserted nor presented evidence that she was "clearly better qualified" than Strong for the General Counsel position. As a result, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## IV.    CONCLUSION AND ORDER

Plaintiff's age discrimination claim is barred by the Eleventh Amendment. Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her race/national origin discrimination and retaliation claims. Plaintiff has presented evidence, however, that raises a genuine issue of material fact regarding the statute of limitations defense and the gender discrimination claim. Accordingly, it is hereby

**ORDERED** that TAMUS's Motion for Summary Judgment [Doc. # 15] is **GRANTED** as to the age and race/national origin discrimination claims and as to the retaliation claim, and **DENIED** as to the statute of limitations issue and the gender discrimination claim.

SIGNED at Houston, Texas, this **12th** day of **May, 2010**.

_____
Nancy F. Atlas
United States District Judge